## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF LULA BELL | ) | |
| COLYER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-01226-MTS |
| | ) | |
| WELLS FARGO BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendant Computershare Trust Company, N.A. ("Computershare")'s Motion to Dismiss, Doc. [9], and Defendant Wells Fargo Bank N.A. ("Wells Fargo")'s Motion to Dismiss, Doc. [76]. Although Plaintiffs Brenda Minor, Stephanie Scott, and the Estate of Lula Bell Colyer (together, "Plaintiffs") filed a Response in Opposition to Computershare's Motion, Doc. [32], they have failed to oppose Wells Fargo's Motion. Upon review of the jurisdictional arguments raised in the Defendants' Motions, the Court finds that it must remand this action to the St. Louis County Circuit Court, the Twenty-First Judicial Circuit of Missouri, and the Court will enter herewith an Order of Remand.

*

According to Plaintiffs' Petition, Lula Bell Colyer designated her daughters, Plaintiff Brenda Minor and Patricia Steinmeyer, as payable-on-death beneficiaries of certain stock shares that she held in two companies: Pentair, PLC ("Pentair") and nVent Electric, PLC ("nVent"). Doc. [4] ¶¶ 9–12. After Ms. Colyer's death, Plaintiff Minor contacted Computershare—the stock transfer agent responsible for the shares—to confirm that

ownership had passed to her and her sister, according to Ms. Colyer's wishes. *Id.* ¶ 18. But Computershare could not confirm as much. Indeed, Computershare had no record that Ms. Colyer had ever designated Plaintiff Minor or Ms. Steinmeyer as her beneficiaries. *Id.* ¶ 19. Computershare suggested that Ms. Minor contact Wells Fargo because paper records might still be held by "Wells Fargo or other previous stock transfer agents." *Id.* Plaintiff Minor did so but was told that "any such document would have been turned over to Computershare." *Id.* ¶ 20.

In the meantime, Plaintiff Minor and Ms. Steinmeyer completed and signed their own payable-on-death beneficiary documents regarding the shares. *Id.* ¶¶ 22–23. In her designation, Ms. Steinmeyer—now deceased—named her daughter, Plaintiff Stephanie Scott, as her beneficiary. *Id.* ¶ 28. But because Computershare has never located or received a record of Ms. Colyer's initial beneficiary designation, Computershare remains unable to treat either Plaintiff Minor or Ms. Steinmeyer as stock owners with the power to make beneficiary designations at all. *Id.* ¶ 24. As a result, Plaintiff Scott has been unable to take ownership of the Pentair and nVent shares "free and clear from the claims and heirs of [Ms. Steinmeyer]'s estate." *Id.* ¶ 28.

Based on the foregoing, Plaintiffs filed suit in St. Louis County Circuit Court. Their Petition asserts two counts against the Defendants: a tort claim alleging breach of fiduciary and professional duties and a contract claim alleging breach of contractual duties. In response, Computershare removed the action to this Court pursuant to its diversity jurisdiction. Doc. [1] ¶ 5 (citing 28 U.S.C. § 1332). Soon after, Computershare filed its Motion to Dismiss, arguing that Plaintiffs' tort and contract claims are legally deficient and insufficiently pleaded. Doc. [10] at 4–10. In addition, Computershare contends that Plaintiffs' claims are not ripe for

adjudication. *Id.* at 10–11. Because "the ownership of the disputed shares is the subject of an ongoing probate proceeding," Computershare argues that "Plaintiffs' claims are speculative and premature." *Id.* at 11. In their response, Plaintiffs oppose each of Computershare's merits-based arguments, but they do not appear to address Computershare's ripeness argument. Doc. [32].* For its part, Wells Fargo moves to dismiss Plaintiffs' claims for (1) failure to state a claim upon which relief can be granted and (2) failure to "establish standing or that [Plaintiffs'] claims are ripe for dispute." Doc. [77] at 1 (citing Fed. R. Civ. P. 12(b)(1), (b)(6)). To date, Plaintiffs have failed to oppose any of Wells Fargo's arguments. *See* E.D. Mo. L.R. 4.01(B) (providing a 14-day deadline by which parties must file their opposition to a motion).

As it must, the Court begins—and ends—its analysis with Computershare and Wells Fargo's jurisdictional arguments. *See Gray v. City of Valley Park*, 567 F.3d 976, 983 (8th Cir. 2009) (explaining that federal courts must "satisfy themselves" that jurisdictional requirements are met "before reaching the merits of a case"). The Court finds these arguments well taken. Plaintiffs' claims are bound up in a probate matter that they concede has not yet resolved. *See* Doc. [32] at 4 (acknowledging that the stock at the center of Plaintiffs' claims "is now subject to probate and subject to claims which, at present, is uncertain"). Whatever the merits of Plaintiffs' claims—and whatever the fiduciary, professional, or contractual duties that underlie them—the Court concludes that they rest "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300

---

* Plaintiffs neither cite case law nor direct *any* part of their legal argument to the jurisdictional, ripeness issue that Computershare raises. Such circumstances typically constitute waiver. *See Chay–Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."); *Clay v. Credit Bureau Enters., Inc.*, 882 F. Supp. 2d 1083, 1111 (N.D. Iowa 2012), *aff'd*, 754 F.3d 535 (8th Cir. 2014) ("Failure to brief an issue in more than a 'perfunctory manner,' allows a court to consider the issue waived." (quoting *Ramirez v. Debs–Elias*, 407 F.3d 444, 447 n.3 (1st Cir. 2005))).

(1998). Accordingly, the harm that Plaintiffs assert has not "matured enough to warrant judicial intervention." *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (quoting *Vogel v. Foth & Van Dyke Assocs., Inc.*, 266 F.3d 838, 840 (8th Cir. 2001)). Further, there has been no showing of "hardship to the parties [caused by] withholding court consideration" until the probate matter is resolved. *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000).

The Court therefore concludes that Plaintiffs' claims are not ripe for review and, as a result, do not fall within this Court's limited jurisdiction. *See Bob's Home Serv., Inc. v. Warren County*, 755 F.2d 625, 627 (8th Cir. 1985); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal citations omitted)). Thus, because it appears that the Court lacks subject matter jurisdiction over this removed action, *see Dakota, Minn. & E. R.R. Corp. v. South Dakota*, 362 F.3d 512, 520 (8th Cir. 2004) ("The issue of ripeness, which has both Article III and prudential components, is one of subject matter jurisdiction."), remand is mandatory, *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the Court will enter herewith an Order of Remand, remanding this action to the St. Louis County Circuit Court, the Twenty-First Judicial Circuit of Missouri.

Dated this 2nd day of December 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE